| | |
|---|---|
| DWAYNE X. CROSS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) No.: 3:26-CV-214-TRM-JEM |
| TENNESSEE DEPARTMENT OF | ) |
| CORRECTIONS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

Plaintiff Dwayne X. Cross, a prisoner in the custody of the Tennessee Department of

Correction ("TDOC") currently housed at the Northeast Correctional Complex ("NECX"), is

proceeding pro se in this civil rights action under 42 U.S.C. § 1983, in which he alleges that

Defendants have interfered with his religious rights under the First Amendment and the

Religious Land Use and Institutionalized Persons Act ("RLUIPA") (Doc. 3).  Plaintiff's

complaint is now before the Court for screening in accordance with the Prison Litigation Reform

Act ("PLRA"), 28 U.S.C. § 1915(e) and § 1915A, to determine whether it states a justiciable

claim.  As set forth below, it does not.  Therefore, the Court will **DISMISS** Plaintiff's claims but

**PERMIT** Plaintiff an opportunity to file an amended complaint.

## I.  SCREENING STANDARD

Under the PLRA, district courts must screen prisoner complaints and sua sponte dismiss

any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be

granted," or "seek[] monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014

(6th Cir. 1999).  The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*,

556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

## II. PLAINTIFF'S ALLEGATIONS

Officials at NECX prevented Nation of Islam ("NOI") volunteers from providing Halal foods to observe Saviour's Day and the Holy Day of Atonement (Doc. 3, at 2).

TDOC Commissioner Frank Strada and Assistant Commissioner Linda Johnson "have not provided" NOI members books, audio, and videos on tablets "like other religions and religious teachings" (*Id.* at 3).

"TDOC violated plaintiff's civil and constitutional right[s] when they instituted and fostered excessive government entanglements with plaintiff's religious belief and practices, when plaintiff was prevented and burdened from being allowed to participate in the Saviour's Day Feast and Holy Day of Atonement Dinner, [s]pecifically when there was no signs of the gathering at the feast posing a risk to security" (*Id.* at 4).

Aggrieved, Plaintiff filed this action against Defendants TDOC, Brian Ellers, Steven Andrews, M. Widener, Frank Strada, Linda Thomas, James Cox, and James Reburn, seeking $300,000 in damages, along with unspecified declaratory and injunctive relief (*Id.* at 8).

## III. ANALYSIS

2

The Court finds Plaintiff's complaint fails to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citation modified). First, Plaintiff claims that Defendants Strada and Johnson "have not provided" the NOI with religious materials via tablets (*Id*. at 3). But "Plaintiff has no constitutional right to require prison officials to purchase or provide him religious materials—'[a]t most, [religious] materials cannot be denied to prisoners if someone offers to supply them.'" *Mitchell-Feazell v. Campbell Cnty. Jail*, No. 2:22-CV-30-DCLC-CRW, 2022 WL 1437720, at *2 (E.D. Tenn. May 5, 2022) (citing *Cruz v. Beto*, 405 U.S. 319, 322 n.2 (1972)). Plaintiff has not alleged that Defendants denied him religious materials that others offered to supply.

The remaining five Defendants are not mentioned in Plaintiff's complaint. And to sustain a claim against any individual, Plaintiff must adequately plead that each Defendant, through his or her own actions, has violated the Constitution. *Iqbal*, 556 U.S. at 676; *see also Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted).

Second, the only specific relief Plaintiff seeks is money. However, Plaintiff cannot recover monetary damages against TDOC, because it is an arm of the State of Tennessee. *See Hix v. Tenn. Dep't of Corrs.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"). And the Eleventh Amendment to the United States Constitution bars Plaintiff's claims for damages against the State. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); B*erndt v. State of Tennessee*, 796 F.2d 879, 881 (6th Cir. 1986) (noting that Tennessee has not waived immunity to suits under § 1983).

3

Third, Plaintiff's five-count complaint expressly complains of an infringement on Plaintiff's religious rights, and it presents a variety of legal arguments and conclusions in support (*See, generally*, Doc. 3). But it provides very few of the background facts that make up Plaintiff's claims that his religious rights have been violated. Plaintiff presumably relies upon the eighty-eight pages of exhibits filed with his complaint to provide the necessary facts against the named Defendants. But the Court declines to sort through these exhibits to attempt to decipher which exhibits address which claim against which Defendant. That would be the equivalent of creating Plaintiff's claims for him, which the Court cannot do. *See Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading." (citing *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975) (citation modified))).

Therefore, Plaintiff's complaint fails to state a claim. However, it is possible that Plaintiff may be able to raise a plausible right to relief as to one or more of his claims if permitted an opportunity to file an amended complaint. Accordingly, **if** Plaintiff desires to proceed with this action, he **must** file an amended complaint within twenty-one days of entry of this Order that contains a short and plain statement of specific facts setting forth exactly how his rights have been violated, the specific party(ies) responsible for that violation, any injury(ies) he has suffered, and his request for relief. Plaintiff **must** avoid conclusory legal statements or arguments in this amended complaint. He should merely provide the Court with the facts (i.e., who, what, when, where, why) that form the basis of his claims. Plaintiff's claims **must** be set forth in separate numbered paragraphs. The Court will direct the Clerk to mail Plaintiff a § 1983 form for this purpose.

4

Plaintiff is **ON NOTICE** that the Court will only address the merits of Plaintiff's claims that relate to his original complaint. Accordingly, Plaintiff **SHALL NOT** attempt to set forth in his amended complaint any additional claims, and he is advised that the Court will **DISMISS** any such claims. Further, Plaintiff is **ON NOTICE** that this amended complaint will be the sole operative complaint that the Court considers, and therefore, Plaintiff must file all his intended facts and claims in a single, comprehensive amended complaint.

If Plaintiff does not file an amended complaint by the deadline, the Court will **DISMISS** his complaint for failure to prosecute and comply with an order of the Court, and for failure to state a claim upon which relief may be granted.

Plaintiff is **ON NOTICE** that the Court will not consider any other kind of motion for relief until after the Court has screened the amended complaint pursuant to the PLRA, which the Court will do as soon as practicable. Accordingly, the Court will automatically deny any motions filed before the Court has completed this screening.

## IV. CONCLUSION

For the reasons set forth above:

1. The Clerk is **DIRECTED** to forward Plaintiff a § 1983 form;

2. Plaintiff is **ORDERED** to complete the § 1983 form **within twenty-one days** in accordance with the directives stated above **only if** he desires to further pursue this action;

3. Plaintiff is **ON NOTICE** that failure to comply with this Order will result in the dismissal of this action; and

4. Plaintiff is **ORDERED** to immediately inform the Court of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

SO ORDERED.

/s/*Travis R. McDonough*  
**TRAVIS R. MCDONOUGH**  
**UNITED STATES DISTRICT JUDGE**